**Robert Lee HAYNES, Petitioner—Appellant,**

v.

**George M. GALAZA, Warden, Respondent—Appellee.**

**No. 03–16465.**

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2004.*

Decided June 24, 2004.

Victor S. Haltom, Sacramento, CA, for Petitioner–Appellant.

Erik R. Brunkal, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: HUG, CANBY, and TALLMAN, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** \*\*

To prevail on his federal habeas corpus claim, Haynes must demonstrate that the state court's decision denying his ineffective assistance of counsel claim involved an "unreasonable application" of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* 28 U.S.C. § 2254(d)(1); *Weighall v. Middle,* 215 F.3d 1058, 1061–62 (9th Cir.2000).

Haynes was required to demonstrate *both* that his attorney's performance fell below an objective standard of reasonableness and that this defective performance actually prejudiced him. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Under the prejudice prong, Haynes is required to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. That means "a probability sufficient to undermine confidence in the outcome." *Id.*

Relief is not available if the state court's determination was merely incorrect; rather, the state court's application of *Strickland's* prejudice prong must have been objectively unreasonable. *Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). It was not. The evidence against Haynes was very strong. Even if Haynes' podiatrist offered credible testimony consistent with his 1999 declaration, it would not have substantially undercut the prosecution's case. It is not at all evident that calling the podiatrist as a witness would have led to Haynes' acquittal. The state court's determination that the absent testimony would not have changed the outcome of the trial was by no

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

means unreasonable, much less objectively so.

AFFIRMED.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.